## SUPREME COURT.

Rosalie C. Barry agt. The Mutual Life Insurance Company and others.

*When an assignment of a life policy of insurance by the assured to secure a debt does not vest the title to the insurance money in the assignee.*

Where a husband procures a policy of insurance upon his life for the benefit of his wife and both of them execute an assignment of it to a creditor of the husband to secure an existing debt of the husband, the validity of the wife's title to the insurance money is not affected by such assignment.

And where, subsequently, the husband and the assignee, without the knowledge or consent of the wife, and in fraud of her rights, collude together, and by non-payment of the premiums on the policy suffer it to lapse, and the company, after the policy is canceled and on application of the assignee, issues a new policy to and in the name of the assignee, but in all other respects precisely like the old canceled policy, without any new consideration from the assignee or from any other source, a court of equity will adjudge the new or substituted policy equitably the property of the wife, and that payment under the same should be made to her.

Where it appears that the assignee, after appearance and answer in this action, commenced an action against the company in another state upon the same policy, the court will enjoin him from collecting or attempting to collect the insurance, or in any manner to enforce the judgment which might be recovered in that state.

*New York Special Term, October,* 1875.

*Chas. F. Sandford & Edmd. Randolph Robinson,* for plaintiff.

*Henry E. Davies & Mr. Hinkley,* for Mutual Insurance Company.

*Stephen P. Nash,* for Brune and others.

Van Vorst, *J.* — Under the pleadings and evidence, there is but one liability against the defendant The Mutual Life Insurance Company, constituting the subject of controversy in this action, and that grows out of the policies issued to the defendant Brune in January, 1872, to take the place of the policies theretofore issued by the company, upon the life of the husband of the plaintiff, for her benefit, and which policies, without the knowledge or consent of the plaintiff, had been suffered to lapse, by a designed failure on the part of her husband and Brune to pay the premiums last due thereon, and this with the purpose that they should be surrendered to the company, and an application made for the issue of other policies for the same amount in their place to Brune, the assignee of the first policies.

It is true that the plaintiff's complaint sets up all the facts in regard to the issuing of the policies thereafter surrendered and the payment of the premiums thereon, and the circumstances of the assignment of the policies to the defendant Brune; but it also distinctly avers that they were allowed to lapse, and the circumstances attending the lapsing are also disclosed. The reasons influencing the parties to make default in the payment of the premiums, so as to allow them to lapse, are also stated. These reasons were, in substance, that new policies might be taken out in the name of Brune, the assignee, directly, to take the place of the policies in existence. But the complaint also distinctly alleges that the old policies were surrendered, and that the surrender was accepted by the company.

The evidence shows that the old policies were canceled when the new policies were issued.

The complaint avers, and the evidence establishes, that the new policies were for the same amounts respectively, upon the same life, with the same annual premiums, and designated by the same numbers as the old. That they were issued to Brune, upon an application made by him, in which the husband of the plaintiff joined, for new policies in place of those

lapsed, without any new medical examination of the party whose life was insured, and without any other consideration therefor than the surrender of the old policies and all claim thereunder, and the payment of the annual premiums, fixed at the rate established by the old policies, and that from the time when they were last due and payable by the terms of the surrendered policies. So that there should be no gap or want of continuity in the transaction.

After stating that the premiums for the current year were paid, from the time they had fallen due, on and by the terms of the original policies, by the use in part of certain dividends which had accrued to plaintiff on one of the original policies, and by the payment by her husband in cash of the residue of such premiums on her account, the complaint alleges the plaintiff's demand on the company for the amount due, the refusal of the company to pay on the ground that the defendants Brune and Whitridge claimed the same money. The plaintiff demands judgment that the company be restrained from making payment to Brune and Whitridge, and that she may recover the amount of the insurance; also that it may be adjudged that Brune and Whitridge have acquired no rights under said policies.

As already suggested, the plaintiff's claim must rest upon the new policies issued and substituted for the old issues, which were surrendered and canceled through the failure to pay the premiums thereon, by an understanding between Brune and Barry.

The learned counsel for the plaintiff, in his argument, claims the amount of these new policies, taken out as substitutes for those of the plaintiff, and which were used by Brune to obtain the new issues. That the defendants Brune and Whitridge understand the plaintiff's claim to rest upon the new policies, issued nominally to Brune in January, 1872, appears by their answer. Brune, in his answer, "alleges that the two policies issued in January, 1872, as aforesaid, constituted the only claim on the said Mutual Life Insurance

Company, on account of insurance on the life of said Barry, and that said plaintiff has no claim whatever to the said policies, or either of them, or to the sums secured thereby," until the indebtedness of her husband to Brune should be fully paid.

The defendant Brune denies that the plaintiff is entitled to the judgment demanded by the complaint; but, on the contrary, he insists that the judgment should be that the complaint be dismissed, and that the defendant Whitridge, the assignee of Brune, do collect and receive the amount due on the policies. The answer of the defendant Whitridge makes a similar claim and demand. Confining ourselves, therefore, to the new policies, and the amount agreed and secured to be paid thereby, as the real and true ground of contention between the parties litigating, we find the fact to be established beyond doubt, that the sole consideration for the issue of the new policies proceeded, in fact, from the plaintiff and on her behalf, by the surrender of the old policies, which were her property, and the application of the cash value of dividends earned on the larger, toward the payment of the premiums for the first year on the new policies, and by the payment by her husband, on her account, of the balance in money.

We also find, that the new policies were, in fact, issued upon the application made to the company for the original policies, and the medical examination thereunder, without any new examination; that the premiums were adjusted according to the age of the insured when the application was made for the original policies, as to one of the policies several years having elapsed since such first application was made. Such premiums commencing to be paid on the days when the premiums on the surrendered policies were due and payable, and in the future, payable on the days limited by the former policies; the new, registered by the company with, and bearing the same numbers, as the surrendered policies. These, with other marks of identity, which it is need-

less to accumulate, show that the new policies are, in substance, the same as those surrendered, and were intended to take their place. That the contract of the company was one, and was, and is so understood to be, and that the new policies evidenced only the original insurance.

It would follow that Brune, having himself paid no new consideration, in equity acquired no right or claim under the substituted policies, against the plaintiff, which he did not have by virtue of the former policies.

This conclusion appears to be sustained by several adjudged cases (*Dutton* agt. *Wilson,* 52 *N. Y.*, 313; *Norwood* agt. *Guerdon,* 60 *Illinois,* 253; *Chapin* agt. *Fellows,* 37 *Connecticut,* 132; *Lemare* agt. *The Phœnix Life Insurance Co.,* 38 *Connecticut,* 294).

The evidence fully justifies the conclusion, that the suffering the old policies to lapse was part of a scheme formed by the defendant Brune, with the assent of John S. Barry, the plaintiff's husband, the better to effect in Brune the legal title to the insurance already effected on the life of Barry, for his wife's benefit, to her ultimate exclusion and injury.

Such scheme was resorted to by them, without the knowledge, concurrence or consent of the plaintiff, to obviate if possible, the legal objections to the title of Brune to the original policies held by him, under the assignment of the plaintiff which the company declined to recognize, and which was, in fact, illegal and void.

But the change was nominal only, and not substantial. Such means and devices can create no new right in the projectors, against the party sought to be injuriously affected.

A court of equity will not allow any advantage to be gained by the party effecting such change in the policies, which he had not secured by the assignment of the original policies. The form is not to be preferred to the substance.

If Brune could not enforce, to his own advantage, at the expense of the plaintiff, the original policies, which he held by assignment, no good reason can be urged why he should

be entitled to the moneys on the substituted policies, for which he paid no new consideration.

And, as in the case of this same plaintiff in this court against the Equitable Life Insurance Company and Brune & Whitridge, the equitable title to the original policy, notwithstanding the assignment thereof to Brune, was adjudged to be in the plaintiff, and the policy was held to be her property in equity, and payment of the same was adjudged to her; so, upon the facts in this case, it must also be adjudged that the new policies, issued in January, 1872, are equitably the property of the plaintiff, and that payment of the same should be made to her. All the parties interested in this controversy are before the court, and their respective claims and equities have been presented and duly considered.

The fact that the assignee of the defendant Brune, after appearing in this action and interposing his defense upon the merits by answer, and submitting his case to the consideration and judgment of this court, commenced an action in another court, in another state, against his co-defendant herein, the Mutual Life Insurance Company, to recover upon the new policies, while it may have occasioned unnecessary expense and embarrassment to that company, furnishes no satisfactory reason why this court, which first acquired jurisdiction, should not dispose of all the questions involved in this action. In fact, it is the manifest duty of this court to do so.

As the plaintiff was not a party to the suit in the court in Maryland, her rights have not been adjudicated, nor can they be seriously impaired by the judgment obtained in that action in favor of the plaintiffs therein.

That this court, having first obtained jurisdiction of the parties to the controversy and the subject-matter of it, should exercise that jurisdiction to a final determination of all the rights involved, and that its judgment will be respected and can be enforced elsewhere, is established by abundant authority (*Gardiner* agt. *Ogden*, 22 *N. Y.*, 327; *Stearns* agt. *Stearns*, 16 *Mass.*, 171; *Werin* agt. *Albert*, 2 *Md. Chy.*, 42; *Peck*

Barry agt. Mutual Life Insurance Company.

agt. *Jennen*, 7 *How.*, 612; *Galpin* agt. *Page*, 18 *Wallace*, 350; *Habsch* agt. *Folger*, 20 *Wallace*, 1).

The insurance company, the case discloses, has always been ready and willing to pay the amount of the insurance, upon the life of Barry, under the policies in question.

The plaintiff and the defendant Brune, through his assignee, each makes a distinct claim to the money. The claims are conflicting.

The claims of the contestants have been presented in this action, to be adjudicated.

They should now be determined, to the end that justice and equity be done, so that further litigation, if possible, be ended, the insurance company relieved, and the party entitled be adjudged to receive the insurance moneys. To the moneys covered by the policies of insurance of January, 1872, standing in the name of the defendant Brune, issued to take the place of and as substitutes for the canceled policies, neither he nor his assignee have any real interest or claim.

It must be adjudged that these policies are the property of the plaintiff, and that the defendant Harris holds the same, as well as the judgment recovered thereon, in trust for her. It must be further adjudged that the plaintiff is entitled to recover of the Mutual Life Insurance Company the sums secured by said policies, and that the defendants Brune and Harris be enjoined from collecting, or attempting to collect, or in any manner to enforce the judgment recovered against the Mutual Life Insurance Company in the action in the court in the state of Maryland. And that the payment by the company of the amount of the policies, with the interest thereon, to the plaintiff, should be deemed and be *pro tanto* a payment, satisfaction and discharge of said judgment recovered in the state of Maryland.

The plaintiff as well as the defendant the Mutual Life Insurance Company, should recover their costs in this action of the defendants Brune and Harris.